IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


WANDA M. CAREY                                                    PLAINTIFF

vs.                              Civil No. 4:06-cv-04040

MICHAEL J. ASTRUE[1]                                             DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Wanda M. Carey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits ("DIB") under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

On September 18, 2002, the Plaintiff filed her application for DIB.  (Tr. 48).  In this application, the Plaintiff claimed she was disabled due to acute bronchitis, chronic obstructive

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

pulmonary disease, respiratory problems, tobacco abuse, vision problems, high blood pressure, dizziness, Grave's disease, hand cramping, and hand pain.  (Tr. 13).  This application alleged an onset date of August 12, 1999.  (Tr. 12, 48).  The application was initially denied on February 6, 2003 and again on reconsideration on April 10, 2003.  (Tr. 28-31).  The Plaintiff requested an administrative hearing which was held on January 18, 2005, in Texarkana, Arkansas.  (Tr. 339-358).  The Plaintiff was present and was represented by an attorney, Michael Angel, at the hearing.  (Tr. 164-189).  The Plaintiff, Richard Marron (a vocational expert), and Lakesha Walker (the Plaintiff's daughter) testified at this administrative hearing.  (Tr. 339-358).  At the time of the hearing, the Plaintiff was 49 years old with a high school education.  (Tr. 341-342).

On February 8, 2005,  the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits.  (Tr. 13-20).  The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date.  (Tr. 14, 18, Finding 2).  The ALJ determined the Plaintiff had a history of treatment for chronic obstructive pulmonary disease, a visual impairment, and Grave's disease.  (Tr. 14, 19, Finding 3).  The ALJ concluded the Plaintiff's impairment was severe.  (Tr. 14).  However, the ALJ also concluded the Plaintiff's impairment or combination of impairments did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings").   (Tr. 19, Finding 3).

The ALJ evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 19, Finding 5).  The Plaintiff claimed she was unable to work because of her dizziness, difficulty breathing, hand problems, back problems, and pelvic bone problems.  (Tr. 14).  The ALJ analyzed these subjective complaints of pain pursuant to *Polaski v. Heckler,* 751 F.2d 943 (1984) and pursuant to the guidelines in Social Security Ruling 96-7p.

(Tr. 16). The ALJ concluded these subjective complaints of pain were not credible based upon the Plaintiff's medical records and the Plaintiff's daily activities and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 16-19). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform "light work-related activities." (Tr. 19, Finding 5).

Specifically, the ALJ determined the Plaintiff could work with the following limitations:

Mild to moderate pain but could perform a full range of light work activity which involves lifting up to 20 pounds occasionally and 10 pounds frequently, standing and/or walking with normal breaks for a total of about 6 hours in an 8-hour workday, sitting with normal breaks for a total of about 6 hours in an 8-hour workday and some pushing and pulling of arm and leg controls, occasionally climb, balance, stoop, bend, kneel, crawl and crouch, no limitation in simple grasping, fine and gross manipulation, handling, fingering, seeing, hearing, speaking, reaching overhead, repetitive use of his [sic] upper or lower extremities but avoid work around excessive chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gasses, and other pulmonary irritants but work in a clean air environment. (Tr. 19, Finding 6).

Based upon this RFC determination, the ALJ determined the Plaintiff could not perform her Past Relevant Work ("PRW"). (Tr. 19, Finding 7). Vocational Expert ("VE"), Richard Marron, testified at the administrative hearing and addressed this issue. (Tr. 355). The VE testified the Plaintiff's PRW included work as a cook (medium, skilled work). (Tr. 355). The VE noted the *Dictionary of Occupational Titles* ("DOT") Code for this job is 313.361.014. (Tr. 355). The VE testified that a hypothetical person with the same age, educational background, or work experience as the Plaintiff and with the same work limitations as the Plaintiff could not perform the Plaintiff's PRW. (Tr. 355-356). The VE testified that the same hypothetical person could, however, perform, in addition to other jobs, work as a garment folder, DOT job code 789.687.066. (Tr. 356). The VE testified that there are 1,413 such jobs in Arkansas and 565,191 such jobs in the United States. (Tr. 356). Based upon this testimony, the ALJ concluded the Plaintiff was not disabled. (Tr. 16,

Findings 10-11).

On May 8, 2006, the Appeals Council declined to review the ALJ's unfavorable decision. (Tr. 5-8).  On June 1, 2007, the Plaintiff filed the present appeal.  (Doc. No. 1).  This case was referred to the undersigned on February 20, 2007.  The Plaintiff and the Defendant have filed appeal briefs.  (Doc. Nos. 10-11).  This case is ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or

mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

## 3. **Discussion:**

The Plaintiff brings the present appeal claiming (1) the ALJ erred by mechanically applying the Social Security Act's age category to the Plaintiff, (2) the ALJ erred by issuing conclusory RFC findings that were unsupported by reference to the record evidence, and (3) the ALJ erred by failing to credit her subjective complaints of debilitating pain. (Doc. No. 10, Pages 8-13). The Defendant claims that the ALJ was not required to consider Plaintiff's age in his disability determination, the

ALJ properly analyzed and determined that the Plaintiff retained the RFC for "light work activities," and the ALJ properly considered and discounted the Plaintiff's subjective complaints of pain. (Doc. No. 11, Pages 4-11). This Court will address these arguments in order.

## A. The ALJ's Age Determination

The Plaintiff claims the ALJ erred in his disability determination by failing to consider the impact the Plaintiff's age would have on the Plaintiff's ability to perform other jobs in the national economy. (Doc. No. 10, Pages 8-10). The Plaintiff claims the ALJ should have considered her age because she is a person "closely approaching advanced age." In general, a person is only considered "closely approaching advanced age" if that person at least fifty years old. *See* 20 C.F.R. § 404.1563(d). There is, however, an exception to this rule in "borderline" cases where the plaintiff is close to turning fifty. *See id.* § 404.1563(b). The Plaintiff claims that she falls under the "borderline" exception because she was forty-nine years old, seven months short of fifty, at the time of the administrative hearing. The Defendant argues that the Plaintiff does not qualify under the "borderline" exception. (Doc. No. 11, Pages 4-5). Specifically, the Defendant argues that this exception only applies when a claimant is "within a few days or a few months" of reaching fifty. The Defendant claims that since the Plaintiff was seven months short of turning fifty at the time of the administrative hearing, the Plaintiff was not even close to applying under this exception.

Pursuant to the Social Security Regulations ("Regulations"), the ALJ is often required to consider the claimant's age in his or her disability determination. *See* 20 C.F.R. § 404.1563(a)-(f). The Regulations provide for different age categories based upon whether a person is a younger person (under age 50), a person closely approaching advanced age (ages 50-54), or a person of advanced age (ages 55 and older). *See id.* § 404.1563(c)-(e). If the person qualifies as a "younger person," the ALJ generally does not consider that the claimant's age will seriously affect the

claimant's ability to adjust to other work.  *See id.* § 404.1563(c).  If a person qualifies as a "person closely approaching advanced age," the ALJ "will consider that your [the claimant's] age along with a severe impairment(s) and limited work experience may seriously affect your [the claimant's] ability to adjust to other work."  *Id.* § 404.1563(d).  If someone qualifies as a "person of advanced age," the ALJ finds the claimant's age "significantly affects a person's ability to adjust to other work.  We [the SSA] have special rules for persons of advanced age and for persons in this category who are closely approaching retirement age (age 60-64)."  *Id.* § 404.1563(e).

This Regulation provides that the "age" of the claimant is based upon the claimant's "chronological age."  *See id.* § 404.1563(a); *McCoy v. Schwiker,* 683 F.2d 1138, 1147 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel,* 222 F.3d 504 (8th Cir. 2000).  This Regulation also provides, however, that the ALJ should not apply the "age categories [based upon chronological age] mechanically in a borderline situation."  *Id.* § 404.1563(b).  Instead, in a borderline case, the ALJ should "consider whether to use the older age category after evaluating the overall impact of all the factors of your [the Plaintiff's] case."  *Id.*

The Eighth Circuit has provided little guidance for interpreting this Regulation, 20 C.F.R. § 404.1563(a)-(f), and for applying this Regulation in cases where a plaintiff's age may be considered "borderline."  *See, e.g., McCoy v. Schweiker,* 683 F.2d 1138 (8th Cir. 1982).  The Regulation itself, 20 C.F.R. § 404.1563(a)-(f), indicates that the borderline exception was included in order to avoid a situation where a person is denied benefits merely because that person was close in age, but did not qualify under, a specific age classification.  The Regulation states that a claimant's age may be considered "borderline" if the claimant is "within a few days to a few months of reaching an older age category."  *Id.* § 404.1563(b).  This Regulation indicates that the ALJ should consider age in a disability determination because an older person may have more difficulty

-7-

in obtaining the skills that are required at another occupation or the older person may have more difficulty in adjusting to another occupation. *See* § 404.1563(c). For example, this Regulation provides that, "in some circumstances, we consider that persons age 45-49 are more limited in their ability to adjust to other work than persons who have not attained age 45." *Id.*

In the present action, the Plaintiff was forty-nine years old and was close to being classified as a person "closely approaching advanced age." (Tr. 13, 341). The record also indicates that the Plaintiff only worked one type of job (as a cook) for twenty-three years. (Tr. 14, 342-345). The Plaintiff's long work history indicates the Plaintiff would have difficulty adjusting to other jobs in the national economy. This Court notes that, due to the Plaintiff's long work history and as a person between the ages of 45-49, the Plaintiff should be considered more limited in her "ability to adjust to other work than persons who have not attained age 45." *See* § 404.1563(c). Furthermore, the Plaintiff should be considered, under the facts of this case, as being at a "borderline" age and classified as a person "closely approaching advanced age." *See* § 404.1563(c).

This error does not, however, require a reversal and remand. Even if the Plaintiff were classified as a person "closely approaching advanced age," the Medical-Vocational Guidelines found in Appendix 2 to Subpart P of Regulations No. 4 ("Grids") would still direct a finding of "Not Disabled" based upon the Plaintiff's RFC, education, and age. Since this Court finds the ALJ's RFC determination was not in error, *See* Discussion 3.B *infra,* the ALJ could have properly applied the Grids to his disability determination and concluded that the Plaintiff was not disabled. Furthermore, even though the ALJ did not properly classify the Plaintiff as a person "closely approaching advanced age," the ALJ did consider the Plaintiff's age in determining the Plaintiff could perform other jobs in the national economy and included the Plaintiff's age as a factor for the VE to consider in determining whether the Plaintiff could perform other jobs in the national

economy. (Tr. 19, Finding 10). Thus, this Court finds that the ALJ's failure to properly classify the Plaintiff as a person "closely approaching advanced age" was not reversible error.

**B. The ALJ's RFC Determination**

The Plaintiff also claims the ALJ erred by issuing conclusory RFC findings that were unsupported by reference to record evidence. (Doc. No. 10, Pages 10-13). The Plaintiff claims the ALJ was required to make explicit findings in his opinion regarding the basis for his RFC determination and was required to support his RFC determination in his opinion by reference to the Plaintiff's medical records. The Defendant claims that the ALJ' properly determined the Plaintiff's RFC based upon all of the evidence in the record, including the medical records, and that the ALJ was not required to make explicit findings in the record to support his RFC determination. (Doc. No. 11, Pages 5-9).

This Court finds the ALJ was not required to make explicit findings in his opinion regarding the basis for his RFC determination. The ALJ's RFC determination must only be based on all the evidence in the record, including medical records, observations of treating physicians and others, and an individual's own descriptions of his or her limitations. *See McKinney v. Apfel,* 228 F.3d 860, 863 (8th Cir. 2000). As long as the ALJ makes an RFC determination that is supported by substantial evidence in the record, the ALJ's decision should be affirmed, regardless of whether the ALJ failed make explicit findings in support of his or her RFC determination. *See Anderson v. Shalala,* 51 F.3d 777, 780 (8th Cir. 1995).

The Plaintiff argues that the ALJ is required to make explicit findings supporting his RFC determination based upon the Eighth Circuit's decisions in *Groeper v. Sullivan,* 932 F.2d 1234 (8th Cir. 1991) and in *Ingram v. Charter,* 107 F.3d 598 (8th Cir. 1997). Specifically, the Plaintiff cites *Groeper* for the proposition that the "ALJ's decision regarding residual functional capacity must

-9-

be based on more than conclusory statements" and *Ingram* for the proposition that the "ALJ is also required to make 'explicit findings' regarding the physical and mental demands of a claimant's past work, and to compare those demands with the claimant's residual functional capacity to determine whether the claimant could perform the relevant duties." (Doc. No. 10, Page 10).

Neither *Groeper* or *Ingram*, however, require an ALJ to make explicit findings supporting his or her RFC determination. *See Groeper,* 932 F.2d at 1234; *Ingram,* 107 F.3d at 598. Instead, both of these cases require an ALJ, in determining whether the plaintiff can return to his or her PRW, to make explicit findings comparing the plaintiff's RFC to the requirements of the plaintiff's PRW. *See Groeper,* 932 F.2d at 1234; *Ingram,* 107 F.3d at 598. Furthermore, these explicit findings are only required when the ALJ determines the plaintiff can return to his or her PRW and the ALJ does not hear and rely upon testimony from a VE in making this determination. *See Groeper,* 932 F.2d at 1234; *Ingram,* 107 F.3d at 598. In the present action, the ALJ determined the Plaintiff could not perform her PRW. (Tr. 19, Finding 7). The ALJ also heard and relied upon testimony of a VE in making his PRW determination. (Tr. 17-18). Thus, neither *Groeper* nor *Ingram* apply to the present action, and the ALJ was not required to make any explicit findings supporting his RFC determination.

In the present action, the ALJ conducted a detailed review of the Plaintiff's medical records in his opinion. (Tr. 16-17). The ALJ noted that the Plaintiff's medical records "did not corroborate the degree of functional limitation alleged" and that the medical records did not indicate that the Plaintiff was precluded in performing light work. (Tr. 17). The ALJ is permitted to rely upon the medical evidence in the record when making his or her disability determination and is not required to obtain additional evidence as long as the record provides a sufficient basis for the ALJ's decision. *See Anderson,* 51 F.3d at 779. Here, the medical records were sufficient to support the ALJ's RFC

-10-

determination that the Plaintiff could perform light work.  Specifically, the absence of any restrictions on the Plaintiff's ability to perform light work is a sufficient basis for the ALJ to determine that the Plaintiff was not precluded in her ability to perform light work.[3] *See Anderson v. Shalala,* 51 F.3d 777, 780 (8th Cir. 1995).

## C. The ALJ's Credibility Determination

The Plaintiff also claims the ALJ erred in his credibility determination by failing to credit her subjective complaints of disabling pain.  (Doc. No. 10, Page 11).  The Plaintiff claims that the ALJ failed to consider all of the evidence relevant to the Plaintiff's subjective complaints of pain. Specifically, the Plaintiff claims the ALJ failed to consider the Plaintiff's "extensive and uninterrupted" work history in his credibility determination.  The Defendant claims the ALJ properly considered *Polaski* and evaluated the Plaintiff's subjective complaints of pain.  (Doc. No. 11, Pages 9-11).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain and discomfort: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *Id.* at 1322.  The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant.  *See Lowe v. Apfel,* 226

---

[3] However, even though this Court finds the ALJ's method of RFC analysis was sufficient and the Plaintiff's medical records support the ALJ's RFC determination, this Court does not find that the ALJ's RFC determination is supported by substantial evidence.  Based upon the discussion in 3.C (the ALJ's credibility determination), this Court finds that the ALJ's credibility determination, and, as a result, also his RFC determination, are not supported by substantial evidence.

-11-

F.3d 969, 971-72 (8th Cir. 2000). Furthermore, the ALJ's judgment as to the credibility of the plaintiff's allegations is within the province of the ALJ, who is not required to accept as true everything that the plaintiff alleges. *See Moad v. Massanari,* 260 F.3d 887, 892 (8th Cir. 2001). The plaintiff's subjective complaints of pain and limitation may be discounted if they are inconsistent with the evidence as a whole. *See Black v. Apfel,* 143 F.3d 383, 386 (8th Cir. 1998).

This Court finds that, under the facts in this case, the ALJ erred in his credibility determination. The ALJ's credibility determination was not based on substantial evidence in the record, and the ALJ failed to give sufficient weight to the Plaintiff's work history. Specifically, the ALJ based his credibility determination on (1) the Plaintiff's medical records, (2) the Plaintiff's daily activities, and (3) the Plaintiff's medications. (Tr. 15-17). First, the ALJ discounted the Plaintiff's subjective complaints of pain because the Plaintiff's medical records were not "consistent with the disabling level of pain alleged by the claimant." (Tr. 16). The ALJ, however, did not provide any basis for his conclusion that the Plaintiff's medical records were inconsistent with her subjective complaints of pain. The ALJ failed to reference any medical records that support this conclusion. The ALJ is required to make specific findings of any inconsistencies between the medical records and the Plaintiff's subjective allegations of pain prior to discounting those subjective allegations. *See Dolph v. Barnhart,* 308 F.3d 876, 879-880 (8th Cir. 2002). Here, the ALJ did not make any such findings and this part of his credibility determination is not supported by substantial evidence in the record.

Second, the ALJ discounted the Plaintiff's subjective complaints of pain because she was able to perform certain daily activities. (Tr. 16). Specifically, the ALJ noted that the Plaintiff was able to "care for her personal needs, complete some housework, shop, prepare meals fourteen times a week, manage financial matters, attend church, watch TV, read and visit with friends and

relatives." (Tr. 16).  These activities, however, are light activities of daily living that do provide substantial evidence to support the ALJ's credibility determination.  *See Draper v. Barnhart,* 425 F.3d 1127, 1130 (8th Cir. 2005) ("the fact that Draper tries to maintain her home, and does her best to engage in ordinary life activities is not inconsistent with her complaints of pain, and in no way directs a finding that she is able to engage in light work").

Third, the ALJ discounted the Plaintiff's subjective complaints of pain because the Plaintiff's impairments were "controlled with medication." (Tr. 16).  Specifically, the ALJ noted that "the record indicates the claimant's hypertension, chronic obstructive pulmonary disease, and thyroid disease were well controlled with medication." (Tr. 16).  The ALJ also noted that the Plaintiff's "chest pain and backache had improved and [the Plaintiff] had no active problems other than knee pain." (Tr. 16).  The ALJ, however, did not show how the Plaintiff's impairments or her pain were controlled with medication, and the ALJ did not support his determination with any medical records.  These conclusory statements are not sufficient to support the ALJ's credibility determination.  *See Dolph,* 308 F.3d at 879-80.

The ALJ also failed to give sufficient weight to the Plaintiff's work history.  Pursuant to *Polaski,* the ALJ is required to give "full consideration to all of the evidence presented relating to the subjective complaints, including the claimant's prior work record . . ." 739 F.2d at 1322; *accord Lewis v. Barnhart,* 353 F.3d 642, 647 (8th Cir. 2003).  In the present action, the Plaintiff performed work as a cook consistently for a twenty-three year period.  (Tr. 342-345).  The Plaintiff's consistent and uninterrupted work history supports the Plaintiff's credibility in the present action and should have been more fully considered by the ALJ in his credibility determination.  *See O'Donnell v. Barnhart,* 318 F.3d 811, 817 (8th Cir. 2003) ("O'Donnell's prior work history and persistence in seeking medical treatment for her complaints support her

-13-

credibility.  Her work history shows a fourteen-year record of responsible and well-paying jobs in the computer field.").

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed.  Specifically, the ALJ's credibility determination is not supported by substantial evidence and cannot be affirmed.  *See* 42 U.S.C. § 405(g).  This matter should be remanded to the Commissioner for further consideration consistent with this opinion.  On remand, the ALJ is reminded to be more thorough in conducting his or her credibility determination.  The ALJ should analyze and consider how the Plaintiff's past work history may impact her ability to perform other jobs in the national economy.

**ENTERED** this **11ᵗʰ day of May, 2007.**

                                        /s/   Barry A. Bryant
                                        Honorable Barry A. Bryant
                                        United States Magistrate Judge